UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| JOSEPH E. RUSSELL, | ) | | |
|---|---|---|---|
| Plaintiff, | ) ) ) | | |
| | ) | No. | 3:14-cv-00601 |
| v. | ) ) | | REEVES/SHIRLEY |
| PAUL WHITE, DEPUTY REED, and DR. CAMPANELLIE, | ) ) ) ) | | |
| Defendants. | ) | | |

## **MEMORANDUM OPINION**

Pro se prisoner, Joseph E. Russell ("Plaintiff") initiated this action on December 23, 2014 when he filed a civil rights complaint pursuant to 42 U.S.C. § 1983 [Doc. 2] along with a motion for leave to proceed *in forma pauperis* [Doc. 1]. On December 8, 2017, the Court entered an Order notifying Plaintiff of his failure to comply with the Prison Litigation Reform Act ("PLRA") and ordered Plaintiff "to pay the full filing fee or to submit the required documents" within thirty days of the date of the Order [*Id.*]. Plaintiff was notified that if he failed to comply with the Court order within the time required, the Court shall order the case dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). The Order was mailed to Plaintiff at the address listed on his complaint.

More than thirty days have passed, and Plaintiff has not filed any response to the Court's order. Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012);

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to prosecute this action can be attributed to his own willfulness or fault. Notably, the Order sent to Plaintiff's address on file was not returned to the Court. Plaintiff's failure to respond to the Court's Order may be willful (if he received the Order and declined to respond), or it may be negligent (if he did not receive the Order because he failed to update his address and/or monitor this action as required by Local Rule 83.13). Pursuant to Local Rule 83.13, it is the duty of the pro se party to monitor the progress of the case and to prosecute or defend the action diligently. *See* E.D. Tenn. L.R. 83.13. Accordingly, either way, the first factor weighs in favor of dismissal.

The second factor, however, weighs against dismissal; since defendants have not yet been served, they have not been prejudiced by Plaintiff's inactions.

By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's Order, despite being expressly warned of the possible consequences of such a failure.

2

Finally, the Court finds that alternative sanctions would not be effective.  Plaintiff has filed a motion for leave to proceed *in forma pauperis*; therefore, the Court has no indication that Plaintiff has the ability to pay a monetary fine.  The Court does not believe that a dismissal *without* prejudice would be an effective sanction to promote Plaintiff's respect for this Court's deadlines and orders, given that the threat of dismissal *with* prejudice was not effective in compelling Plaintiff's compliance.  The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).

For the reasons discussed herein, this action will be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).

**AN APPROPRIATE ORDER WILL ENTER.**

_____
**UNITED STATES DISTRICT JUDGE**